UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,        Civil Action No.: 99-73910
                                            Honorable Paul D. Borman
v.                                Magistrate Judge Elizabeth A. Stafford

SANDRA F. WILLHITE,

              Defendant.
_____/

## REPORT AND RECOMMENDATION TO DENY DEFENDANT'S OBJECTION TO GARNISHMENT [R. 18]

This is a student loan case in which the United States obtained a default judgment, in November 1999, against defendant Sandra Willhite in the amount of $918.23. [R. 1, 6]. The United States then applied for a writ of garnishment, which was granted. [R. 8, 9]. A renewed writ was granted in 2013, after which Willhite entered into a payment plan, according to the parties, and the garnishment was released. [R. 11, 12, 14]. She made eight payments under the plan and then stopped, she says due to financial constraints. Another writ was applied for and granted in early 2015. [R. 16]. Willhite requested a hearing on the writ, alleging for the first time that the debt was void because she was a minor at the time she signed the promissory note. [R. 18]. The matter was referred to this Court pursuant to 28 U.S.C. § 636(b)(3) and a hearing was held on April 14, 2015.

At the hearing, it was revealed during questioning that Willhite had not been residing at the address at which she was served with service of process for the original case. Instead, she stated that she received the complaint later when she returned to get her mail. The Court adjourned the hearing and ordered supplemental briefing on the issue of service. Both parties have since submitted their supplemental filings. For the reasons stated on the record and those set forth below, the Court **RECOMMENDS** that Willhite's objections to the writ, interpreted as a motion to set aside the default judgment**, [R. 18]** be **DENIED**.

### A.    Legal Standard

"A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). A party who claims exemption from a writ bears the burden of proving his entitlement thereto. 28 U.S.C. § 3014(b)(2); *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996). Here, Willhite does not claim an exemption from garnishment. Instead, she takes issue with the validity of the underlying debt, which this Court interprets as a motion to set aside the default judgment entered against her.

2

A default judgment may be set aside for any of the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of the adverse party; (4) the judgment is void; (5) the judgment is satisfied, released or discharged; or (6) any other reason justifying relief.  Fed. R. Civ. P 55 & 60(b).  The Court must consider: (1) whether the Government will be prejudiced if the judgment is set aside; (2) whether Willhite has a meritorious defense; and (3) whether her culpable conduct led to the default.  *United Coin Meter Co. v. Seaboard Coastal Line R.R.*, 705 F.2d 839, 845 (6th Cir. 1983).  After such consideration, the Court finds no reason to set aside the default judgment.

**B.    Analysis**

### *1.    Excusable Neglect*

At the hearing, Willhite revealed upon questioning that she did not reside at the address where she was allegedly served with service of process in this case.  While a review of the post-hearing briefing offers some support for Willhite's representation, the Court finds that Willhite has waived any objection to service of process and that, even assuming the truth of her claims, the lack of proper service does not constitute excusable neglect on the facts of this case.

3

Proper service of process, or waiver or forfeiture of the same, is required to confer personal jurisdiction over a named defendant. *Murphy Bros. Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Without personal jurisdiction, the court "is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal quotation marks and citation omitted).  Waiver of the defense of defective service generally occurs when the party fails to raise the defense in its first responsive pleading.  Fed. R. Civ. P. 12(b)(5), (g)(2), (h)(1).

However, the effectiveness of this rule is disrupted when judgment is rendered via default, such as in this case.  "[D]efects in personal jurisdiction are not waived by default when a party fails to appear or to respond . . . until after the default judgment was entered." *Gerber v. Riordan*, 649 F.3d 514, 520 (6th Cir. 2011) (internal quotation marks and citation omitted).  In such situations, the Court looks to whether the "defendant's conduct prior to raising the defense has given the plaintiff 'a reasonable expectation' that the defendant will defend the suit on the merits or whether the defendant has caused the court to 'go to some effort that would be wasted if personal jurisdiction is later found lacking.'" *King v. Taylor*, 694 F.3d 650, 659 (6th Cir. 2012) *quoting Gerber*, 649 F.3d at 519.  The *King* court noted that it is relatively easy to find forfeiture of a service defense because such a

4

defense does not concern fairness concerns; "service of process is simply the means by which a defendant receives notice of an action and is formally brought within a court's jurisdiction." *King*, 694 F.3d at 659.

Here, Willhite never even affirmatively raised the defense of defective service. Her request for hearing raised only an objection as to the legality of the underlying promissory note, which was the substance of her argument at the hearing. The issue of proper service only came to light during court questioning. Willhite's affirmative participation in the hearing without affirmatively raising the issue of defective service renders that defense waived. *Wells v. Rhodes*, 592 Fed. Appx. 373, 377-78 (6th Cir. 2014) (*pro se* party's affirmative appearance and participation in evidentiary hearing constitutes waiver of defense of defective service).

Furthermore, to the extent a waived defense could possibly still constitute excusable neglect, Willhite nevertheless admitted during the hearing that she did receive the complaint, and subsequently spoke with a man about the matter and questioned the validity of the debt. She represented that she did not hear anything after this, but did not claim that she took any further action or attempt to learn of her obligations or rights prior to default. The Court finds no excusable neglect on these facts.

5

## 2.    Meritorious Defense

The Court further finds that Willhite does not possess a meritorious defense.  As noted above, she has waived any defense she may have had with regard to service of process.  Further, Willhite's argument that the loan agreement upon which this case is based is void *ab initio* because she was a minor on the date she signed the promissory note, fails.  Willhite admitted that her birthdate was September 21, 1958.  Although she alleges she signed the document in 1975 at the latest, the promissory note shows it was signed on September 22, 1976, making Willhite eighteen years of age on the date of execution of the note.  [Appx. A, attached hereto].[1]  Because Willhite has no meritorious defense, the default judgment should not be set aside.

## D.    Prejudice to Plaintiff

Finally, the Court finds that the United States would be prejudiced by setting aside the default judgment sixteen years after it was entered, especially in light of the United States' attempts to engage Willhite in a payment plan in an attempt to satisfy the debt, and especially in light of

---

[1] At the conclusion of the hearing the United States tendered to the Court copies of the promissory note, the certificate of service regarding the service of the complaint and summons and the certificate of service of the default judgment, all of which are appended to this Report and Recommendation.

6

Willhite's lack of a meritorious defense.

For these reasons and those stated on the record, the Court RECOMMENDS that Willhite's objections to garnishment, interpreted as a motion to set aside the default judgment [R. 18], should be DENIED.

Dated: July 15, 2015                    s/Elizabeth A. Stafford
Detroit, Michigan                       ELIZABETH A. STAFFORD
                                        United States Magistrate Judge

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 15, 2015.

<u>s/Karri Sandusky for</u>
MARLENA WILLIAMS
Case Manager

PROMISSORY NOTE

**DETROIT BUSINESS INSTITUTE** (NAME)
**NATIONAL DIRECT STUDENT LOAN** PROGRAM
**PAID IN FULL**

(CITY, STATE, AND ZIP CODE) Detroit, MI 48226

STUDENT SOCIAL
SECURITY NUMBER

AUTHORIZED SIGNATURE _____, hereinafter called the maker promise to pay

TO _____ Sandra Willhite _____, hereinafter called the lending institution,

_____ Detroit Business Institute _____
(NAME OF INSTITUTION) the sum of such amounts as may from time to

LOCATED AT _____ 115 State Street, Detroit, MI 48226 _____

time be advanced to me and endorsed in the Schedule of Advances below together with all attorney's fees and other costs and charges necessary for the collection of
any amount not paid when due.

### SCHEDULE OF ADVANCES

| | AMOUNT | DATE | SIGNATURE OF MAKER |
|---|---|---|---|
| 1 | $1,829.00 | 10-7-76 | Sandra J Willhite |
| 2 | $ | | |
| 3 | $ | | |
| 4 | $ | | |
| 5 | $ | | |
| 6 | $ | | |

The maker further understands and agrees, and it is understood between the parties that:

I. All sums advanced pursuant to this note are drawn from a fund created under Part E of Title IV of the Higher Education Act of 1965, as amended, hereinafter called the Act. Such terms of the note as are subject to interpretation shall be construed in the light of such Act and federal regulations pertaining to such Act, copies of which shall be kept by the lending institution.

II. Repayment of principal, together with interest thereon, shall be made over a period commencing (except when Paragraph III (3) is applicable) 9 months after this date on which the maker ceases to carry, at an institution of higher education, or at a comparable institution outside the States approved for this purpose by the U.S. Commissioner of Education, hereinafter called the Commissioner, at least one-half the normal full-time academic workload and ending 10 years and 9 months after such date. Interest of 3 per centum per annum shall accrue from the beginning of the repayment period. Repayment of principal, together with interest thereon, shall be made in equal monthly installments (as determined by the lending institution) in accordance with the schedule which is attached to and made part of this note.

III. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal, plus the accrued interest thereon, at any time.

(2) In the event of a failure to meet a scheduled repayment of any of the installments due on this note, the entire unpaid indebtedness including interest due and accrued thereon, shall, at the option of the lending institution, become immediately due and payable.

(3) Interest shall not accrue, and installments need not be paid during any period (A) during which the maker is carrying, at an institution of higher education or at a comparable institution outside the States approved for this purpose by the Commissioner, at least one-half the normal full-time academic workload or (B) not in excess of 3 years during which the maker (i) is on full-time active duty as a member of the Armed Forces (Army, Navy, Air Force, Marine Corps, or Coast Guard) of the United States, (ii) is in service as a volunteer under the Peace Corps Act, or (iii) is in service as a volunteer under Title VIII of the Economic Opportunity Act of 1965 (Vista). Any such period in (a) or (b) shall not be included in determining the 10-year period during which repayment must be completed as specified in paragraph II.

(4) If the maker undertakes service after June 30, 1972, (a) as a full-time teacher in a public or other nonprofit private elementary or secondary school which is in a school district of a local educational agency which is eligible in such year for assistance pursuant to Title I of the Elementary and Secondary Education Act of 1965 and which for the purposes of this clause and for that year has been designated by the Commissioner in accordance with the provisions of Section 465(A)(2) of the Act as a school with a high enrollment of students from low-income families, or (b) as a full-time teacher of handicapped children (including mentally retarded, hard of hearing, deaf, speech impaired, visually handicapped, seriously emotionally disturbed, or other health-impaired children who by reason thereof require special education) in a public or other nonprofit elementary and secondary school system, for each complete year of such service the amount of this note shall be reduced at the rate of 15 per centum of the total principal amount of the loan plus interest thereon for the first and second year of such service, 20 per centum of the total principal amount plus interest thereon for the third and fourth year of such service, and 30 per centum of the total principal amount plus interest thereon for the fifth year of such service.

(5) If, after June 30, 1972, the maker undertakes service as a full-time staff member in a preschool program carried on under Section 222(A)(1) of the Economic Opportunity Act of 1964 (Head Start) which is operated for a period which is comparable to a full school year in the locality, and provided that the salary of such staff member is not more than the salary of a comparable employee of the local educational agency, the principal amount of this loan shall be reduced at the rate of 15 per centum of the total principal amount of the loan plus interest thereon for each complete year of such service.

(6) If, after June 30, 1972, the maker serves as a member of the Armed Forces of the United States, up to 50 per centum of the principal amount of this loan shall be reduced at the rate of 12% per centum of the total principal amount of the loan, plus interest thereon, for each complete year of service in an area of hostilities that qualifies for special pay under Section 310 of Title 37, United States Code.

(7) The maker is responsible for informing the lending institution of any change or changes in his address.

(8) Notwithstanding the repayment schedule otherwise calculable to Part II, the maker shall repay the total principal amount of this loan at the rate of not less than $30 per month. In the event the maker receives or has received other National Direct Student Loans from other funds authorized by the Act at one or more other lending institutions, he/she shall repay this note at a monthly rate equal to not less than the amount by which $30 exceeds the total monthly rate of principal repayment on all such other loans.

(9) If the maker fails to make timely payment of all or any part of a scheduled installment, or if the maker is eligible for deferment or cancellation of payment (pursuant to Part III(3), (4), (5), or (6)), but fails to submit timely and satisfactory evidence thereof, the maker promises to pay the charge assessed against him by the lending institution. No charge may exceed $1 for the first month or part of a month by which such installment or evidence is late, and $2 for each month or part of a month thereafter. If the lending institution elects to add the assessed charge to the outstanding principal of the loan, it shall so inform the maker prior to the due date of the next installment.

IV. This note shall not be assigned by the lending institution except, upon transfer of the maker to another institution participating in this program (or, if not so participating, is eligible to do so and is approved by the Commissioner for such purpose), to such institution; provided that assignment of this note may be made to (a) institutions other than those to which the maker has transferred or to the United States where the lending institution ceases to function as an educational institution and (b) to the United States if this note has been in default for two years. The provisions of this note that relate to the lending institution shall where appropriate relate to an assignee.

V. The maker hereby certifies that he has listed below all of the National Direct Student Loans for National Defense Student Loans he has obtained at other institutions.

### SCHEDULE OF NATIONAL DIRECT STUDENT LOANS AND NATIONAL DEFENSE STUDENT LOANS AT OTHER INSTITUTIONS

| | AMOUNT | DATE | INSTITUTION | SIGNATURE OF MAKER |
|---|---|---|---|---|
| 1 | $ | | | |
| 2 | $ | | | |

SIGNATURE _____ Sandra J Willhite _____ DATE 9-22-76 , 19___

PERMANENT ADDRESS _____ 44 Glendale #307, Highland Park, MI 48203 _____
(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

CAVEAT--This note shall be executed without security and without endorsement, except if the maker is a minor and this note would not, under the law of the state in which the lending institution is located, create a binding obligation, either security or endorsement may be required. The lending institution shall supply a copy of this note to the maker.

DATE _____ , 19___

SIGNATURE OF ENDORSER _____

PERMANENT ADDRESS _____
(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

"All right, title and interest of the undersigned is hereby assigned (without warranty), to the United States of America"

Name of Institution _____ DETROIT BUSINESS INSTITUTE, INC.

Signature of Officer _____

Title of Officer _____

Date Signed _____ 5/11/81

# United States District Court
# Eastern District of Michigan



*Summons in a Civil Action and Return of Service Form*

PAUL D. BORMAN

## 99 - 73910

SEP 2 2 1999

Case Number and Judge Assignment (to be supplied by the Court)

| Plaintiff name(s) | vs. | Defendant name(s): |
|---|---|---|
| UNITED STATES OF AMERICA | | SANDRA F. WILLHITE |

Plaintiff's attorney, address and telephone:
SHERMETA, CHIMKO & KILPATRICK, P.C.
BY: Sheryl S. Zamplas (P49728)
P.O. Box 80883
Rochester Hills, MI 48308
(248) 652-8200

Name and address of the defendant being served:
SANDRA F. WILLHITE
19973 MARX ST.
DETROIT, MI 48203

**To the defendant:**

This summons is notification that YOU ARE BEING SUED by the above named plaintiff(s).

1.   You are required to serve upon the plaintiff's attorney, name and address above, an answer to the complaint within 20 days after receiving this summons, or take other actions that are permitted by the Federal Rules of Civil Procedure.

2.   You must file the original and one copy of your answer within the time limits specified above with the Clerk of the Court.

3.   Failure to answer or take other action permitted by the Federal Rules of Civil Procedure may result in the issuance of a judgment by default against you for the relief demanded in the complaint.

David J. Weaver
Clerk of the Court

By: _____
                    Deputy Clerk

AUG 0 9 1999

_____
Date of Issuance

*INT-0131-MIE-REV. 12/93 06/99*

PAGE 1 OF 2

RETURN OF SERVICE

| Service of the Summons and Complaint was made by ? | Date |
| --- | --- |
| | 10-14-99 |

| NAME OF SERVER (PRINT) | Title |
| --- | --- |
| Danny Johnson | |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendant. Place where served_____

☒ Left copies at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then

residing therein. Name of person with whom the summons and complaint were left _Denise Coby_ _Aunt_

_18873 MARX St   Det Mich 48203_

☐ Returned unexecuted :_____

☐ Other (specify) : _____ CERTIFIED MAIL/RESTRICTED DELIVERY _____

_____

STATEMENT OF SERVICE FEES

| Travel | Services | Total |
| --- | --- | --- |
| | | |

DECLARATION OF SERVICES

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement Fees is true and correct.

Executed on ___10-14-99___      _____
          Date              Signature of Server

**DANNY JOHNSON / PROCESS SERVER**

Laser Legal Service
29209 Northwestern Hwy PMB 504
Southfield, MI 48034
(248) 315-9147

Address of Server

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v                               Case No. 99-73910
                               Hon. PAUL D. BORMAN

Sandra F. Willhite,

     Defendant.

_____/

## PROOF OF SERVICE

     Barbara B. Savage, being duly sworn, deposes and says she is not a party to the above litigation, she is employed by SHERMETA, CHIMKO & KILPATRICK, P.C., and on December 8, 1999, she did mail a copy of **Clerk's Entry of Default and Clerk's Entry of Judgment by Default** to:

Sandra F. Willhite
19973 Marx Street
Detroit, MI 48203

by placing same in a sealed envelope with first class postage fully prepaid and depositing same in a United States Mail Receptacle located in Rochester, Michigan.

                                                 _Barbara B. Savage_

Subscribed and sworn to before me this 8th day of December, 1999.

                                        _Rebecca M. Carroll_
                                        Rebecca M. Carroll, Notary Public
                                        Macomb County, Michigan
                                        My commission expires: 9/22/03